Shauck, J.
The view urged in support of the judgment of the circuit court is that the decree of the court of common pleas in favor of the defendants *456 in error in their suit for a specific performance remains in force notwithstanding the .subsequent order of the same court for the vacation of that decree. This is said to be so because in its subsequent order for the vacation of that decree the court of common pleas did not expressly adjudge that Joseph Desnoyers had a valid defense to the suit in which that decree was entered. His petition filed for that purpose alleges fraud in the recovery of the judgment whose vacation he sought, as well as a valid defense to the suit in which it was recovered. It appears clear, and it is admitted, that his petition is in accordance with the requirements of section 5358 of the Revised Statutes. The jurisdiction of the court to vacate its judgment rendered at a former term was therefore properly invoked, and the parties in whose favor that judgment had been rendered were before the court upon the petition to vacate. The precise point made by counsel for defendants in error is that the court failed to exercise its jurisdiction in that behalf because its order for the vacation of the judgment did not comply with section 5360 of the Revised Statutes whose material provision is that “a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.” In support of the proposition that the adjudication with respect to the existence of such defense is indispensable to the validity of the order of vacation Hettrick v. Wilson, 12 Ohio St., 136, 138, and Braden v. Hoffman, 46 Ohio St., 639, are cited. Other decisions of this court of like purport with those might have been cited. They were proceedings in error to reverse orders vacating judgments rendered at former terms of the courts in which they were made, The cases establish the doctrine *457 that an' order to vacate a judgment rendered at a former term without the required adjudication with respect to the existence of a valid defense is erroneous, and that such adjudication must affirmatively appear in the record. But none of the cases holds that such order without the required adjudication is void and subject to collateral attack. In the present case the parties joined issue upon the petition to vacate the judgment in their favor and offered evidence in support of their answer. When the order of vacation was entered they acquiesced by not instituting a proceeding for its reversal. They afterward appeared in the original case to contest the motion which was directed against their petition. That motion having been sustained, and another being made to dismiss the petition because of their failure to comply with the order of the court for the amendment of their petition, they contested that; and although excepting to the order sustaining the motion to dismiss, they acquiesced therein. All the issues involved were triable by the court without the intervention of a jury. At every step the court Avas engaged in the exercise of jurisdiction expressly conferred upon it by statute, and all parties affected by its orders Avere before it. NotAvithstanding the error in the exercise of its jurisdiction, when the court finally dismissed the original petition the original decree was as effectually annulled and the case disposed of as though it had been upon isues of fact joined. No reason appears for holding that the case should be regarded as an exception to the general rule that all judgments and final orders made by courts in the exercise of jurisdiction over the subject matter and jurisdiction of all persons whom they affect are valid until they are reversed. The *458 common understanding that orders of vacation, defective as is this, are within that general rule, is indicated by the numerous proceedings instituted for their reversal.

Judgment reversed and judgment for plaintiff in error.

Mins hall, C. J., Williams, Burket and Spear, JJ., concur.
Davis, J., absent.